*999
 
 GOLDBERG, Circuit Judge:
 

 In this appeal we are asked whether a federal bankruptcy court in Georgia must recognize and apply that state’s “accountant-client” privilege. We conclude that no accountant-client privilege exists as a matter of federal common law and that the bankruptcy court need not apply Georgia’s rules of evidentiary privilege. We therefore affirm a bankruptcy court order compelling the production of allegedly privileged materials.
 

 I.FACTS AND PROCEDURAL HISTORY
 

 This appeal concerns a discovery dispute that arose at the very outset of a consolidated bankruptcy proceeding now pending in the Northern District of Georgia. There are three parties to this dispute: International Horizons, Inc., a debtor who has filed for bankruptcy; Touche Ross & Co., the debtor’s accounting firm; and' a committee of the debtor’s unsecured creditors. The Creditors Committee sought access to documents and workpapers in the possession of the debtors’ accountant, Touche Ross & Co.; however, Touche Ross refused to disclose the workpapers, asserting the protections of Georgia’s accountant-client privilege. The Bankruptcy Court rejected this claim to a privilege and ordered the accounting firm to produce the documents.
 
 [1]
 
 The debtor and its accountant then appealed.
 

 The U.S. District Court, sitting as an appellate tribunal, affirmed the Bankruptcy Court order, holding that there was no federal common law accountant-client privilege and that neither the Federal Rules of Evidence nor considerations of comity required the federal court to apply Georgia’s accountant-client privilege.
 
 [2]
 
 The debtor and its accountant then brought this appeal.
 

 II. ISSUES ON APPEAL
 

 We are called upon to review a bankruptcy court order compelling the production of documents and accountant’s workpapers in the possession of appellant Touche Ross & Co. Touche Ross and its client, International Horizons, Inc. argue that these documents are cloaked by an accountant-client privilege. Specifically, Touche Ross and International Horizons contend that they should enjoy the protections of
 
 Georgia’s
 
 accountant-client privilege in this federal proceeding. In the alternative, the appellants argue that a
 
 federal
 
 common law privilege should protect accountant’s workpa-pers. Finally, the appellants argue that even if the federal courts do not recognize a general accountant-client privilege, considerations of comity and federalism require that the Bankruptcy Court apply Georgia’s rules of evidentiary privilege.
 

 In response, the appellees argue that the District Court was correct in holding that there is no federal common law accountant-client privilege and that a federal court need not defer to the vagaries of a forum state’s rules of evidentiary privilege. In addition, the appellees have questioned the jurisdiction of this Court to hear this appeal. We will address each of these points in turn, focusing first upon the threshold question of appellate jurisdiction.
 

 III. APPELLATE JURISDICTION
 

 The Bankruptcy Reform Act of 1978,
 
 [3]
 
 Pub.L.No.95-598, 92 Stat. 2549, sets forth specific guidelines governing appeals from bankruptcy court proceedings.
 
 [4]
 
 Certain bankruptcy court orders, decrees, and judgments may be appealed to the district courts, to the courts of appeals, and ultimately to the Supreme Court. In this case, we must determine whether the District
 
 *1000
 
 Court was empowered to review the Bankruptcy Court’s order and then decide whether this Court has jurisdiction to review the decision of the District Court.
 

 A.
 
 The District Court’s Jurisdiction to Review the Bankruptcy Court’s Order
 

 The jurisdiction of a federal district court to review “judgments, orders, and decrees” of a bankruptcy court is set forth in 28 U.S.C. § 1334. Section 1334(a) provides that a district court has appellate jurisdiction over
 
 “final
 
 judgments, orders, and decrees” of bankruptcy courts. 28 U.S.C. § 1334(a) (emphasis added). Section 1334(b) provides that a district court may also entertain appeals from interlocutory, nonfinal, orders and decrees of bankruptcy courts.
 
 [5]
 

 The appellees contend that the bankruptcy court order compelling the production of allegedly privileged materials was an interlocutory decree and therefore not appealable. However, because 28 U.S.C. § 1334(b) specifically empowers a district court to review a bankruptcy court’s interlocutory orders, we conclude that the District Court did not act beyond the proper scope of its statutory jurisdiction in entertaining an appeal in this case.
 

 B.
 
 Jurisdiction in the Court of Appeals
 

 Having found that the District Court was empowered to review the Bankruptcy Court order, we must now determine whether this panel can entertain the appeal from the District Court. This Court’s jurisdiction to review the decision of a district court that has affirmed a bankruptcy court order is set forth in 28 U.S.C. § 1293.
 
 Universal Minerals, Inc. v. C. A. Hughes & Co.,
 
 669 F.2d 98, 101 (3d Cir. 1982).
 
 [6]
 
 Section 1293 provides that in bankruptcy cases a court of appeals shall have jurisdiction of an appeal from a
 
 final
 
 judgment,
 
 order, or
 
 decree of ... a district court” (emphasis added). In contrast to the appellate jurisdiction conferred upon the district courts by 28 U.S.C. § 1334, the courts of appeals are
 
 not
 
 empowered to review interlocutory or nonfinal orders arising from bankruptcy proceedings.
 
 [7]
 
 Thus, we can hear this appeal only if the Bankruptcy Court’s order compelling production of allegedly privileged documents is deemed final and not merely interlocutory.
 
 [8]
 

 “As a general proposition most orders granting or denying discovery are not final
 
 *1001
 
 orders ... and therefore are not immediately appealable.”
 
 Rouse Construction International, Inc. v. Rouse Construction Corporation,
 
 680 F.2d 743, 745 (11th Cir. 1982).
 
 [9]
 
 “Ordinarily, a litigant seeking to overturn a discovery order has [only] two choices. Either he can comply with the order and challenge it at the conclusion of the case or he can refuse to comply with the order and contest its validity if subsequently cited for contempt for his refusal to obey.”
 
 Id.
 

 [10]
 

 However, a major exception to this rule has been recognized where an order “is directed to a person who has custody of materials as to which another person may claim a privilege of non-disclosure.”
 
 Branch v. Phillips Petroleum Co.,
 
 638 F.2d 873, 878 n.3 (5th Cir. 1981). In such a case, “the person who holds the privilege may seek immediate review of the disclosure order.”
 
 Id.
 

 [11]
 

 The justification for permitting immediate appeal under these circumstances “is that the privilege-holder has no power to compel the custodian of the material to risk a contempt citation for his refusal to comply with the Court’s order.”
 
 Id.
 

 [12]
 

 Applying the general rule regarding the nonappealability of discovery orders to the facts of the instant case, we find that the appeal of appellant Touche Ross is not properly before this Court. Touche Ross is in possession of allegedly privileged documents which it refuses to disclose. The District Court has ordered Touche Ross to produce these documents, but has not yet backed up this order with a finding of civil contempt. Until such a finding has been made, the trial court’s discovery order is not final and is not appealable by Touche Ross. As the party holding the allegedly privileged material, Touche Ross can only appeal if and when it is adjudged to be in civil contempt.
 

 Although we find that the appeal of Touche Ross is not properly before this Court, we reach a different conclusion regarding the viability of the appeal brought by Touche Ross’s client, International Horizons, Inc. Like Touche Ross, International Horizons claims that the documents here in question are privileged. However, International Horizons does not have custody of the allegedly privileged material. This brings International Horizons within a recognized exception to the general rule regarding the non-appealability of discovery orders. Its appeal is properly before this Court because it claims a privilege of non-disclosure relating to materials that
 
 another party
 
 has been directed to produce.
 
 See In re Grand Jury Proceedings,
 
 641 F.2d 199, 202 (5th
 
 *1002
 
 Cir. 1981) (party claiming attorney-client privilege may appeal from order compelling
 
 his attorney
 
 to disclose allegedly confidential information).
 
 [13]
 

 Accord, W. T. Thompson v. General Nutrition Corp.,
 
 671 F.2d 100, 103 (3d Cir. 1982) (party claiming accountant-client privilege may appeal from order compelling its accountant to disclose allegedly confidential information);
 
 Branch v. Phillips Petroleum,
 
 638 F.2d 873, 878 n.3 (5th Cir. 1981)
 
 (dicta); Overby
 
 v.
 
 U.S.F. & G.,
 
 224 F.2d 158 (5th Cir. 1955). Thus, we conclude that while we cannot hear the appeal of Touche Ross, we do have jurisdiction to entertain the appeal brought by appellant
 
 International Horizons, Inc.
 

 IV. THE ACCOUNTANT-CLIENT PRIVILEGE IN THE FEDERAL COURT
 

 Georgia state courts recognize a broad accountant-client privilege.
 
 [14]
 
 In this case, we are asked whether a federal bankruptcy court should afford a privilege cloaking the workpapers of a Georgia accountant relating to a Georgia client.
 

 Rule 727 of the
 
 Rules
 
 of
 
 Bankruptcy Procedure
 
 provides that the
 
 Federal Rules
 
 of
 
 Civil Procedure
 
 will govern the scope of discovery in federal bankruptcy proceedings. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that “parties may obtain discovery regarding any matter,
 
 not privileged”
 
 (emphasis added). The meaning of the term “privileged” under Rule 26(b)(1) is determined by reference to the
 
 Federal Rules
 
 of
 
 Evidence.
 
 8 C. Wright, A. Miller & F. Elliot,
 
 Federal Practice & Procedure
 
 § 2016 (Supp.1981). Thus, we must determine whether an accountant’s client-related workpapers should be “privileged” under the terms of the Federal Rules of Evidence.
 

 Federal Rule of Evidence 501 sets forth the rules of evidentiary privilege as they are to be applied in federal courts. Rule 501 provides that:
 

 [T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.
 

 Fed.R.Evid. 501.
 

 In light of Rule 501, the appellant has advanced a three-tiered argument in support of its claim to an accountant-client privilege. First, the appellant contends that because the allegedly privileged material might be used as an element of proof “with respect to an element of a claim as defense as to which State law supplies the rule of decision,” Federal Rule of Evidence 501
 
 requires
 
 that Georgia’s accountant-client privilege be applied. In the alternative, the appellant suggests that even if the federal court is not required to apply the Georgia rule, this Court should recognize the accountant-client privilege as a matter of federal law “in the light of reason and experience.” Finally, the appellant argues that even if we reject the notion of a federal common law accountant-client privilege, this Court should adopt a rule requiring federal courts to apply their forum states’ rules of evidentiary privilege as a matter of comity. We shall address each of these arguments in turn.
 

 
 *1003
 
 A.
 
 Does Rule 501 Require the Bankruptcy Court to Apply Georgia’s Accountant-Client Privilege?
 

 Federal Rule of Evidence 501 provides that federal courts are to apply
 
 state
 
 rules of evidentiary privilege “with respect to an element of a claim or defense as to which State law supplies the rule of decision.” Thus, in order to determine whether the requested documents are privileged under Rule 501, we must determine whether the requested documents relate to “an element of a claim or defense as to which state law supplies the rule of decision.” The District Court held that because the bankruptcy proceeding did not yet involve state claims, the Bankruptcy Court was not required to apply Georgia’s accountant-client privilege. We agree.
 

 International Horizons asserted a privilege at the very outset of this bankruptcy action. We are told that related adversary proceedings involving parties to this appeal are now pending in various state and federal courts. However, no such claims are currently joined with the bankruptcy actions now before us. At this juncture in the proceedings, the sole questions before the bankruptcy tribunal relate to traditional questions of
 
 federal
 
 bankruptcy law: Should the debtor be adjudicated bankrupt? What is the current financial condition of the debtor? What are its assets? Where are its assets? Is current management fit to remain in possession and control of the assets? As the District Court recognized, it is not yet clear what claims or defenses might eventually arise in this litigation. Perhaps there will be claims involving questions of state law,
 
 [15]
 
 perhaps not. However, it
 
 is
 
 clear at this point that this is a federal law proceeding and that the Bankruptcy Court is not required to apply the Georgia accountant-client privilege. To rule otherwise would be to deny creditors and bankruptcy courts access to the source of information and records most relevant and necessary to their investigation of “the acts, conducts, assets, liabilities and financial condition of the debtor.” 11 U.S.C. § 1103(c)2.
 

 B.
 
 Is There an Accountant-Client Privilege As a Matter of Federal Common Law7
 

 Federal Rule of Evidence 501 does not purport to enumerate a finite list of evidentiary privileges that are to be recognized in federal courts. Instead, the rule provides that in federal law proceedings, “the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.” Fed.R.Evid. 501. Rule 501 clearly provides federal courts with the statutory power to recognize new or “novel” evidentiary privileges.
 
 [16]
 
 However, “there has been a notable hostility on the part of the [federal] judiciary to ... new privileges.”
 
 In re Dinnan,
 
 661 F.2d 426, 430 (5th Cir. 1981). This is because privileges contravene the fundamental principle that “the public .. . has a right to every man’s evidence.”
 
 Trammel v. United States,
 
 445 U.S. 40, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980). “[E]xceptions to the demand for every man’s evidence are not lightly created nor expansively construed, for they are in derogation of the search for
 
 *1004
 
 truth.”
 
 United States v. Nixon,
 
 418 U.S. 683, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Therefore, the rule in this Circuit is that a new privilege should only be recognized where there is a “compelling justification.”
 
 In re Dinnan,
 
 661 F.2d 426, 430 (5th Cir. 1981).
 
 [17]
 

 The Supreme Court has expressly disapproved of the so-called “accountant-client” privilege, stating that “no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases.”
 
 Couch v. United States,
 
 409 U.S. 322, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). Since
 
 Couch,
 
 the notion that the federal courts should recognize a general accountant-client privilege has been consistently rejected.
 
 See, e.g., United States v. El Paso,
 
 682 F.2d 530, 540 (5th Cir. 1982)
 
 reh’g en banc denied,
 
 688 F.2d 840;
 
 Thompson v. General Nutrition Corp.,
 
 671 F.2d 100, 103-104 (3d Cir. 1982);
 
 United States v. Davis,
 
 636 F.2d 1028, 1043 (5th Cir. 1981). We find no “compelling justification” for a departure from these precedents. Accordingly, we conclude that there is no accountant-client privilege as a matter of federal common law.
 

 C.
 
 Should a Federal Court Apply a Forum State’s Rules of Evidentiary Privilege as a Matter of Comity?
 

 Because this bankruptcy court action did not yet involve claims or defenses as to which state law supplied the rule of decision, the Bankruptcy Court was not required to apply Georgia’s accountant-client privilege. Fed.R.Evid. 501. We have also found that there is no federal common law accountant-client privilege,
 
 Couch v. United States, supra.
 
 However, International Horizons has made one final argument that should be addressed: the appellant contends that the Bankruptcy Court should have applied Georgia’s accountant-client privilege as a matter of
 
 comity.
 
 Thus, we are asked “whether the fact that the courts of [Georgia] would recognize the privilege itself creates good reason for respecting the privilege in federal court, regardless of our independent judgment of its intrinsic desirability.”
 
 ACLU v. Finch,
 
 638 F.2d 1336, 1343 (5th Cir. 1981).
 

 There is indeed authority for the proposition that federal courts should recognize state evidentiary privileges where this can be done at no substantial cost to federal policies.
 
 See Lora v. Board of Education,
 
 74 F.R.D. 565, 576 (E.D.N.Y.1977);
 
 United States v. King,
 
 73 F.R.D. 103, 105 (S.D.N.Y.1975).
 
 Accord, ACLU v. Finch,
 
 638 F.2d 1336, 1342-45 (5th Cir. 1981).
 

 We recognize that Georgia’s legislature has decided that the accountant-client relationship needs the protection of an eviden-tiary privilege and that federal refusal to acknowledge this privilege might tend to undermine Georgia’s policy of encouraging accountant-client candor.
 
 [18]
 
 However, recognition of the accountant-client privilege in bankruptcy proceedings would substantially thwart an important
 
 federal
 
 interest. A creditors committee is empowered by federal law to “investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor’s business and the desirability of the continuance of such business.” 11 U.S.C. § 1103(c)2. Application of an accountant-client privilege in federal bankruptcy pro
 
 *1005
 
 ceedings would deny courts and creditors access to a vital source of information relating to a debtor’s assets and liabilities. Thus, recognition of an accountant-client privilege in federal bankruptcy proceedings would completely undermine the important federal interest in providing bankruptcy courts and creditors with complete and accurate information regarding a debtor’s financial condition.
 

 It is true that Georgia may find it difficult to foster candor and confidential communications among its accountants and clients if other courts refuse to follow the State’s rules of evidentiary privilege. However, Georgia would face this problem even if we were to extend the accountant-client privilege to federal bankruptcy proceedings, for Georgia’s rules of evidentiary privilege might not be followed in the courts of neighboring states and will not be followed in federal criminal proceedings.
 
 See
 
 Fed.R. Evid. 501.
 

 Thus, refusal to adopt Georgia’s accountant-client privilege in federal bankruptcy proceedings would not,
 
 in and of itself
 
 undermine the State’s policy of encouraging accountant-client candor. However, recognition of the privilege would significantly undermine the important federal interest in assuring complete and accurate disclosure in federal bankruptcy proceedings. Therefore, we must conclude that considerations of comity do not require us to embrace Georgia’s accountant-client privilege.
 
 ACLU v. Finch,
 
 638 F.2d 1336, 1342 (5th Cir. 1981) (comity does not require federal courts to follow Mississippi rules of evidentiary privilege).
 
 [19]
 

 IV. CONCLUSION
 

 It is not within our statutory jurisdiction to entertain the appeal of appellant Touche Ross & Co. However, we do have jurisdiction to review the claim brought to us by appellant International Horizons.
 

 “Truth is mighty above all things.”
 
 [20]
 
 It is beauty.
 
 [21]
 
 It is liberation.
 
 [22]
 
 The people understand the transcendent value of truth and their Congress has framed rules of adversary procedure designed to foster revelation. These rules reflect adherence to a general principle: “the public ... has a right to every man’s evidence.”
 
 [23]
 
 There may be exceptions to this general principle, but for each of these limited exceptions, there has been a “compelling justification.”
 
 [24]
 
 We find no compelling justification for the concealment of evidence in the hands of accountants. For this reason and for all the reasons we have set forth in this opinion, International Horizons’ claim to the special protections of an accountant-client privilege is emphatically rejected. Accordingly, the appeal of Touche Ross is DISMISSED and the District Court’s order rejecting International Horizons’ claim to an accountant-client privilege is AFFIRMED.
 

 [1]
 

 .
 
 In Re Int’I Horizons, Inc.,
 
 14 B.R. 199 (Bkrtcy. 1981).
 

 [2]
 

 .
 
 In Re Int’I Horizons, Inc.,
 
 16 B.R. 484 (Bkrtcy.N.D.Ga.1981).
 

 [3]
 

 . The continuing vitality of the Bankruptcy Reform Act of 1978 is now in doubt.
 
 See Northern Pipeline Constr. v. Marathon Pipe Line Co.,
 
 - U.S. -, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
 

 [4]
 

 .For a critique and analysis of these statutory provisions see 16 C. Wright, A. Miller, E. Cooper & E. Gressman,
 
 Federal Practice & Procedure
 
 § 3926 (Supp.1981).
 

 [5]
 

 . 28 U.S.C. § 1334(a) provides that “district courts ... shall have jurisdiction of appeals from all
 
 final
 
 judgments, orders, and decrees of bankruptcy courts” (emphasis added). 28 U.S.C. § 1334(b) provides that “district courts . . . shall have jurisdiction of appeals from
 
 interlocutory
 
 orders and decrees of bankruptcy courts, but only by leave of the district court” (emphasis added).
 

 Section 405(c)2 of the Bankruptcy Reform Act provides that 28 U.S.C. § 1334 is now in effect.
 
 Universal Minerals, Inc. v. C. A. Hughes & Co.,
 
 669 F.2d 98, 100 n.2 (3d Cir. 1982).
 

 [6]
 

 . 28 U.S.C. § 1293 provides “a comprehensive and exclusive schema for jurisdiction of bankruptcy appeals.”
 
 Universal Minerals,
 
 669 F.2d at 101 n.3. We therefore address this case as a matter arising under our bankruptcy appeal jurisdiction pursuant to § 1293. However, in determining whether we are presented with a final and appealable order for the purposes of a § 1293, we shall look to the extensive “final order” jurisprudence that has developed in the context of appeals brought under 28 U.S.C. § 1291.
 
 In re Kutner,
 
 656 F.2d 1107, 1110-1112 (5th Cir. 1981). (Court of appeals will look to “final order” jurisprudence developed in context of § 1291 to determine finality for purposes of § 1293 appeals.)
 

 [7]
 

 . This procedural framework allows the district courts to exercise ongoing supervisory authority over bankruptcy proceedings, while the courts of appeals are limited to the review of
 
 final
 
 orders, judgments, and decrees.
 

 [8]
 

 .
 
 Universal Minerals, Inc. v. C. A. Hughes & Co.,
 
 669 F.2d 98, 100-101 (3d Cir. 1982) (district courts may review interlocutory orders of bankruptcy courts; courts of appeals may review only final orders);
 
 In re Kutner,
 
 656 F.2d 1107 (5th Cir. 1981) (in bankruptcy matters, courts of appeals may only review final orders);
 
 In re Licek Potato Chip Co.,
 
 599 F.2d 181, 183 n.2 (7th Cir. 1979) (“only final orders of the trial court in bankruptcy matters are appealable to the courts of appeals”).
 

 [9]
 

 . “An order compelling testimony or the production of documents or things ... is neither a final order nor an interlocutory order granting an injunction, and it is not appealable.” 9
 
 Moore’s Federal Practice
 
 ¶ 110.13[2] (2d ed. 1982).
 
 See, e.g., United States
 
 v.
 
 Ryan,
 
 402 U.S. 530, 532-33, 91 S.Ct. 1580, 1581-82, 29 L.Ed.2d 85 (1971);
 
 Cobbledick v. United States,
 
 309 U.S. 323, 325-26, 60 S.Ct. 540, 541-42, 84 L.Ed. 783 (1940);
 
 Alexander v. United States,
 
 201 U.S. 117, 121-22, 26 S.Ct. 356, 357-58, 50 L.Ed. 686 (1906).
 

 [10]
 

 .
 
 See, e.g., Branch v. Phillips Petroleum Co.,
 
 638 F.2d 873, 877 (5th Cir. 1981)
 
 (dicta)
 
 (witness must either comply with order or appeal from finding of contempt);
 
 National Super Spuds, Inc. v. New York Mercantile Exchange,
 
 591 F.2d 174 (2d Cir. 1979) (remedy for witness who claims a privilege is to refuse to answer and subject himself to civil contempt);
 
 David
 
 v.
 
 Hooker Ltd.,
 
 560 F.2d 412 (9th Cir. 1977) (mere issuance of discovery order not appeala-ble; party may only appeal from sentence for civil contempt);
 
 Arthur Andersen v. Finesilver,
 
 546 F.2d 338 (10th Cir. 1976) (trial court’s rejection of accounting firm’s asserted privilege not appealable order).
 

 [11]
 

 . “[A]ppeal frpm an order to testify or produce [is allowed] if the appellant cannot effectively secure review by the contempt route. This exception ordinarily applies to situations in which the order is directed to someone other than the appellant .. .. ” 15 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice & Procedure
 
 § 3914, at 571 (1976).
 

 [12]
 

 .
 
 Accord, W. T. Thompson v. General Nutrition Corp.,
 
 671 F.2d 100, 102-103 (3d Cir. 1982);
 
 In re Grand Jury Proceedings,
 
 655 F.2d 882, 884-886 (8th Cir. 1981);
 
 In re Grand Jury Proceedings,
 
 641 F.2d 199, 202 (5th Cir. 1981);
 
 In re Berkley & Co.,
 
 629 F.2d 548, 550-552 (8th Cir. 1980).
 
 But see In re Sealed Case,
 
 655 F.2d 1298, 1300-1302 (D.C.Cir.1981);
 
 In re Oberkoetter,
 
 612 F.2d 15, 16-18 (1st Cir. 1980);
 
 National Super Spuds, Inc. v. New York Mercantile Exchange,
 
 591 F.2d 174, 179 n.7 (2d Cir. 1979).
 

 [13]
 

 . The decision in
 
 In re Grand Jury Proceedings,
 
 641 F.2d 199 (5th Cir. 1981), was rendered on March 20, 1981. “[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the ‘former Fifth’ or the ‘old Fifth’ as that court existed on September 30, 1981) handed down by that court prior to the close of business on that date, [are] binding as precedent in the Eleventh Circuit . . . . ”
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1207 (11th Cir. 1981) (en
 
 banc). See generally Baker, Postscript on Precedent in the Divided Fifth Circuit,
 
 36 Sw.L.J. 725 (1982).
 

 [14]
 

 . Ga.Code Ann. § 84-220(b) (1979) provides an evidentiary privilege protecting communications between an accountant and her client and all information about the client obtained by the accountant in her professional capacity.
 

 [15]
 

 . Although the bankruptcy court may look to state law in making certain substantive determinations, this does not mean that state law “provides the rule of decision” for the purposes of Rule 501. In its report accompanying Rule 501, the Conference Committee explicitly stated that “[w]hen a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision ... and state privilege law would not apply.” H.R. Rep.No.1597, 93d Cong., 2d Sess. (1974), U.S. Code Cong. & Admin.News 1974, 7051, 7101.
 

 [16]
 

 . Fed.R.Evid. 501 “manifested an affirmative intention not to freeze the law of privilege.”
 
 Trammel v. United States,
 
 445 U.S. 40, 100 S.Ct. 906, 911, 63 L.Ed.2d 186 (1980). Instead it is intended to “provide the courts with the flexibility to develop rules of privilege on a case-by-case basis.”
 
 Id.
 
 (citing 120 Cong.Rec. 40,891 (1974)).
 
 See also In re Dinnan,
 
 661 F.2d 426, 429 (5th Cir. 1981); 23 C. Wright & K. Graham,
 
 Federal Practice & Procedure
 
 § 5425 (Supp.1982) (Rule 501 gives federal courts the authority to innovate).
 

 [17]
 

 . The Fifth Circuit’s decision in
 
 In re Dinnan, supra,
 
 was decided on December 17, 1981. In the case
 
 sub judice,
 
 the District Court noted that because
 
 Dinnan
 
 was decided after September 30, 1981, it did not serve as binding precedent in the Eleventh Circuit.
 
 In re Int’l Horizons,
 
 16 B.R. 484, 490 n.11 (D.C.N.D.Ga.1981). We cannot agree.
 

 Dinnan
 
 was decided by a panel of judges drawn from “Unit B” of the former Fifth Circuit. A post-September 30, 1981 decision of a “Unit B” panel of the former Fifth Circuit serves as binding precedent in this Circuit.
 
 Michigan Tech Fund v. Century National Bank,
 
 680 F.2d 736, 739 n.2 (11th Cir. 1982);
 
 Stein v. Reynolds Securities,
 
 667 F.2d 33 (11th Cir. 1982);
 
 see also
 
 Baker,
 
 Postscript on Precedent in the Divided Fifth Circuit,
 
 36 Sw.L.J. 725, 738 n.87 (1982). Therefore, this panel is bound to follow the rule set forth in
 
 In re Dinnan, supra.
 

 [18]
 

 . Few would confide in their accountants on the assurance that certain courts would find these communications privileged while other courts would not.
 

 [19]
 

 .Accord, Feminist Women’s Health Center, Inc. v. Mohammed,
 
 586 F.2d 530, 544 n.9 (5th Cir. 1978) (state rule of evidentiary privilege “of course . .. does not bar the use of ... evidence in the trial of a federal cause of action”).
 
 Cf. Thompson v. General Nutrition Corp.,
 
 671 F.2d 100, 104 (3rd Cir. 1982) (when there are both federal and state law claims in a case, the federal rule favoring admissibility, rather than state’s accountant-client privilege, controls);
 
 FDIC v. Mercantile National Bank,
 
 84 F.R.D. 345, 349 (N.D.Ill.1979) (where there are both state and federal claims, the state’s accountant-client privilege will not be recognized).
 

 [20]
 

 . Apocrypha, 4:41.
 

 [21]
 

 . Keats,
 
 Ode to a Grecian Um,
 
 st. 4.
 

 [22]
 

 . John, 8:32.
 

 [23]
 

 . 100 S.Ct. at 912.
 

 [24]
 

 . 661 F.2d at 430.