In re Brett C. MUSCATELL, Debtor.

**BARNETT BANK OF TAMPA, NA, Plaintiff,**

v.

**Brett C. MUSCATELL, Defendant.**

Bankruptcy No. 88–2760–8P7.

Adv. No. 88–152.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 4, 1988.

A.J. Musial, Jr., Tampa, Fla., for Vivian Muscatell per Notice of Special Appearance.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion which seeks imposition of sanctions against Brett C. Muscatell, Debtor, as well as against the Debtor's counsel, Mr. Richard S. Agster (Agster). The Motion is filed in an adversary proceeding commenced by Barnett Bank of Tampa (Bank), who seeks a determination that the Debtor is not entitled to a general bankruptcy discharge. The facts relevant to the resolution of the Motion and which are basically without dispute are as follows:

On September 23, 1988, the Bank scheduled a deposition of one Joe Watson, who was properly served with a subpoena duces tecum. On the scheduled date Mr. Watson appeared, but refused to produce any of the documents called for by the subpoena duces tecum and also refused to answer concerning questions relating to certain post-petition transfers of assets by the Debtor. In addition Mr. Watson also refused to give testimony which relates to a merger of the corporation in which the Defendant was the sole stockholder with the corporation managed by the witness, Mr. Watson.

It appears that the reason Mr. Watson refused to comply with the subpoena was on the advice of Mr. Agster who attended the deposition and who furnished Mr. Watson with a copy of an order entered by this Court earlier which initially determined and limited the area of permissible discovery. This Order was vacated later and a new order was entered on the Motion for Protective Order which again specified and determined the extent of permissible discovery. Be that as it may, while Mr. Agster claims not to have represented the witness, Watson, nevertheless, it is without dispute that the reason the deposition was aborted was due to Watson's refusal to be deposed and to produce the documents at

Patricia J. O'Doran & William Knight Zewadski, Tampa, Fla., for plaintiff.

Richard S. Agster, Tampa, Fla., for defendant.

Brett C. Muscatell, pro se.

least indirectly on the advice of counsel for the Debtor, Mr. Agster.

The record further reveals that on September 26, the Bank also noticed the deposition of Mr. Louis Bower, a certified public accountant who was directed by the subpoena duces tecum to bring certain specified documents to be produced at the deposition. Mr. Bower appeared at the time fixed by the notice but, just like Watson, refused to testify. His refusal to comply with the subpoena was based on the proposition first that the protection order noted earlier and furnished to the witness by Mr. Agster relieved him of the responsibility to comply with the subpoena. Second, his refusal to answer any questions pertaining to the financial affairs and his involvement with the Debtor was based on the invocation of the privilege accorded generally in this State to communications between a certified public accountant and the client on the advice of Mr. Agster. Fla.Stat. 90.-5055(1), *et seq.*

Based on the foregoing, it is the contention of the counsel for the Bank that counsel for the Debtor knew or should have known that the accountant/client privilege is not recognized by the Federal Rules of Evidence and the invocation of the privilege was utterly without merit and was not done in good faith. Moreover, it is the contention of counsel for the Bank that conduct of Mr. Agster, counsel for the Debtor, was nothing more than an attempt to obstruct the efforts of the Plaintiff to conduct orderly discovery. Based on the foregoing, it is claimed that the Bank is entitled to an award of sanctions to be imposed on the Debtor and on Mr. Agster, the attorney for the Debtor.

Considering first the evidence relating to the attempted deposition of Mr. Watson, it appears that Mr. Watson did appear for the deposition and did answer numerous questions, but in response to a question propounded by counsel for the Bank stated, "I have got an order here from Judge Paskay. I think you are really going too far. I don't think these are questions I should be answering." In a further question in answer to a question by Mr. Agster, Mr. Watson stated, "I object and I refuse now to answer it." It appears that Mr. Agster, who, as noted, claims not to represent Mr. Watson, also stated that while he is not in a position to counsel Mr. Watson as to what he should do, nevertheless, he was objecting to the questions proposed to Mr. Watson on the ground that the questions posed were outside the purview of the perimeters fixed by the protective order entered by this Court. Be that as it may, it is clear that the counsel for the Bank was not able to conduct a complete and meaningful discovery because of the participation of Mr. Agster who indirectly advised the witness to refuse to answer the questions posed by counsel for the Bank, by furnishing him a copy of the protective order which, by the way, was later vacated, and by verbally objecting to any questions which, according to him, were outside the perimeters fixed by the court of the permissible discovery.

Concerning next the inability of counsel for the Bank to depose Mr. Bower because of the invocation of the accountant/client privilege by Mr. Agster, it is clear that the position taken by Mr. Agster was totally without merit and is not supported either by the Federal Rule of Evidence 501 or by case law interpreting the same. Federal Rule of Evidence 501 provides as follows:

### RULE 501
### GENERAL RULE

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.

Seizing on the language of the last sentence of the Rule, Mr. Agster contends that inasmuch as the State of Florida expressly recognizes the accountant/client privilege, Fla.Stat. 90.5055(1), *et seq.*, his invocation of this privilege was appropriate and made in good faith. The difficulty with the proposition advanced by Mr. Agster is obvious and evident when one reads the first part of the Rule which provides that a privilege of a witness "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Inasmuch as the issues involved in this adversary proceeding have absolutely nothing to do with state law to which state law applies the rule of decision, there is hardly any question that the privilege recognized by state law cannot be invoked because it is not applicable in the administration of a bankruptcy case, in general or to an adversary proceeding arising in a bankruptcy case which involves strictly issues created by the Bankruptcy Code itself. This adversary proceeding is a Complaint objecting to the Debtor's discharge. The issues raised by the Complaint have nothing to do with any state law and whether or not the Debtor in a Chapter 7 case is or is not entitled to a discharge is strictly a matter of federal law. The Eleventh Circuit Court of Appeals interpreting 501 of the Federal Rules of Evidence held in the case of *In the Matter of International Horizons, Inc.*, 689 F.2d 996 (1982) that the bankruptcy court is not required to apply a state-created accountant/client privilege; that no such privilege exists as a matter of federal common law and neither causes of comity require that a state-created privilege be recognized and embraced.

Oddly enough, counsel for the Debtor attempts to seek solace in some language in *International Horizons*. This Court is at a complete loss to comprehend the basis for the postulate that the *International Horizons* supports the view that the question of applicability in bankruptcy of a state-created privilege is subject to a legitimate debate and is not without doubt. The bankruptcy court for the Eastern District of Pennsylvania also reiterated the well-known proposition that under federal common law rule, there is no accountant/client privilege. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed. 2d 548 (1973) In sum, there is hardly any question that even cursory research would have revealed that the invocation of this privilege in a contested discharge proceeding is improper and without basis. Considering the totality of the relevant facts surrounding the issues based on which the Bank seeks an imposition of sanctions, this Court is satisfied that ordinarily it would be appropriate to impose sanction on counsel for the Debtor. However, this Court is equally satisfied that pursuant to F.R.C.P. 37(b)(1) as adopted by Bankruptcy Rule 7037(b)(1) sanction can only be imposed if a deponent failed to answer a question after being directed to do so by the court, in which event his conduct may be considered to be in contempt of the court. Vol. 4A, *Moore's Federal Practice*, at 37–56. *See, also, Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224 (CA 7th, 1983) and *Reinders Bros., Inc. v. Rain Bird Eastern Sales Corp.*, 627 F.2d 44 (CA 7th, 1980). Neither is it appropriate in this instance to impose sanctions under Bankruptcy Rule 9011 inasmuch as counsel for the Debtor, Mr. Agster, did not advance his argument of the availability of accountant/client privilege in a Motion which he signed. This is so because of the general proposition that before the sanction provisions of Bankruptcy Rule 9011 can be invoked, the attorney must have certified under his signature the fact which was without foundation or advanced legal argument which was unwarranted by existing law. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for sanctions be, and the same is hereby, denied without prejudice with the proviso that the deponent Bower shall answer all appropriate questions which are within the perimeter and cannot invoke and refuse to answer on the ground of the accountant/client privilege. It is further

ORDERED, ADJUDGED AND DE-CREED that the deponent Watson also shall be directed to answer all questions propounded and cannot refuse to answer on the basis of his interpretation of the relevancy of the question or the perimeters of the protective order entered by this Court.

DONE AND ORDERED.