UNITED STATES of America, Plaintiff,

v.

KEYSTONE SANITATION COMPANY, INC.; Kenneth F. Noel, individually and f/d/b/a Keystone Sanitation Company; Anna M. Noel, individually and f/d/b/a Keystone Sanitation Company; Arcata Graphics Fairfield, Inc.; C & J Clark,

America, Inc.; The ESAB Group, Inc.; The Genlyte Group, Inc.; Hanover Bronze and Aluminum Foundry, Inc.; Kemper Industries, Inc.; R.H. Sheppard Company, Inc.; and SKF USA, Inc., Defendants.

Civ.A. No. 1:CV–93–1482.

United States District Court, M.D. Pennsylvania.

Jan. 13, 1995.

Robert Long, Jr., Asst. U.S. Atty., Harrisburg, PA, Bernice I. Corman, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, Daniel Dertke, U.S. Dept. of Justice, Environmental & Natural Resources Division, Washington, DC, for U.S.

Thomas Scott, Killian & Gephart, Harrisburg, PA For 8 Generator Defendants.

Gregory Barton Abeln, Carlisle, PA, For third party plaintiffs.

Charles E. Gutshall, Susan Schwab, Rhoads & Sinon, Harrisburg, PA, for third party Defendants.

Robert Fox, Manko, Gold & Katcher, Bala Cynwyd, PA, for Waste Management.

Robert Hoffman, Reed, Smith, Shaw & McClay, Harrisburg, PA, for Keystone & Noel Defendants.

### *ORDER*

RAMBO, Chief Judge.

This order will dispose of two matters now before the court. The first is the motion of the Keystone Sanitation Company, Kenneth F. Noel, and Anna M. Noel (the "Keystone Defendants") requesting reconsideration of the court's October 19, 1994, memorandum and order directing limited production of the billing memoranda of their attorneys. The focus of the brief filed by the Keystone Defendants in support of the motion for reconsideration is that the documents produced, upon which the court relied to hold that there had been a limited waiver of the attorney/client privilege, were not privileged in the first place. The court does not agree with the Keystone Defendants' position in this matter. The court's reasoning is set forth in full in its memorandum of October 19, and will not be repeated herein. To the extent that clarification may assist the parties with respect to this issue, the court offers the following.

Attorney billing memoranda are not privilege *per se*. They are privileged, as the parties well understand, *only* to the extent that they reveal litigation strategy and/or the nature of services performed. Thus, it is the actual content of the document, rather than the type of document, that is privileged. It does not matter whether the document was sent to the client, or to, say, an expert witness involved in the representation, or to another attorney in the firm. If it contains information that would reveal litigation strategy or the nature of counsel, it is protected. With this understanding, the court looked at the documents that were inadvertently disclosed, which were not billing memoranda, but were communications between attorneys representing the Keystone Defendants, determined that the Keystone Defendants' had inadvertently disclosed a particular category of information, and held that to the extent the content of the billing memoranda included that category of information, the Keystone Defendants had waived the attorney/client privilege as to that content only.

The Keystone Defendants now assert that the documents that were inadvertently disclosed were not privileged because they were not sent to the client and, therefore, their disclosure to the Generator Defendants cannot operate to waive a privilege as to the narrative portions of the billing memoranda, which are privileged. This argument is untenable. Suppose the Generator Defendants had requested all electronic mail messages between the attorneys representing the Keystone Defendants, which contained any reference to the disposition of Keystone assets. It is a virtual certainty that the Keystone Defendants would have refused on the grounds that the documents contained privileged communications regarding advice given to their clients. Thus, their current assertion that the disclosed documents were not privileged in the first place is not well taken.

The court has carefully reviewed its application of the factors pertinent to whether a privilege has been waived on the grounds of inadvertent disclosure. The decision was a difficult one, in the first place, but upon review, the court finds itself constrained to adhere to its prior ruling. The court reiterates that the Generator Defendants are entitled to discover only those portions of the narrative statements of attorney billing memoranda that relate to the disposition of the assets of the Keystone Sanitation Company and the Noels.

 While this memorandum was in the drafting process this day, the court received a telephone call from the parties, who were in the process of deposing Anna Noel for the upcoming preliminary injunction hearing. Counsel for the Generator Defendants had posed a question to Anna Noel regarding communications between her and her accountant, which the court understands was to lead to questions concerning the disposition of the assets of Keystone and the Noels. Counsel for the Keystone Defendants raised the accountant/client privilege under Pennsylvania statutory law. The court ruled in the telephone conference that there is no federal accountant/client privilege, and that because this case is before the court on a federal question, the federal common law, and not Pennsylvania's statutory law of privilege applies. Counsel for the Keystone Defendants argued that the privilege in this case has been asserted only with respect to a state law claim (the fraudulent conveyance claim, which has yet to be filed, and which is the subject of the very recent motion to amend the complaint). The court does not believe, first, that the privilege is asserted only with respect to a state law claim. As the court has previously held, it is authorized to enjoin the disposition of assets in appropriate circumstances in a case brought under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). Second, even if the privilege were asserted only with respect to a pendant state law claim, Pennsylvania's law of privilege would not preempt the federal law of privilege.

 The court relies upon the following cases for its decision on this accountant/client privilege question: *United States v. Arthur Young & Co.*, 465 U.S. 805, 817, 104 S.Ct. 1495, 1502–03, 79 L.Ed.2d 826; *Couch v. United States*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973); *Wm. T. Thompson v. General Nutrition Corp.*, 671 F.2d 100, 103–04 (3d Cir.1982). The court also reviewed several recent cases from the district courts of this Circuit. It is apparent from the case law that when a federal and state claim are tried together in federal court, if claim of privilege is raised only in reference to the state claim, the federal law of privilege applies.

In today's conference call, the parties also raised the issue of the questioning of Anna Noel regarding her communications with the Keystone Defendants' attorneys regarding disposition of assets. The court explained in the conference call that it had reached the decision to adhere to its prior ruling on the limited obligation to produce the billing memoranda containing this type of information. In light of that ruling, the court instructed the parties that the attorney/client privilege has also been waived, in the same limited fashion, with respect to the questioning of Anna Noel. In other words, information regarding her attorneys' assistance or advice to her regarding the disposition of Keystone Sanitation Company and personal assets after the onset of the CERCLA investigation that led to this action is now discoverable. Counsel for the Keystone Defendants advised the court of its intention to seek a Writ of Mandamus with respect to this ruling (and presumably, the order to produce the billing memoranda), and requested the court to stay the ruling. The court will do so.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) The motion of the Keystone Defendants' for reconsideration of the court's October 19, 1994 ruling is **DENIED;**

(2) The Keystone Defendants may not refuse to answer questions regarding the disposition of Keystone assets and the assets of the Noels based upon attorney/client or accountant/client privilege; and

(3) The court will stay the order *only* with respect to the ruling on the attorney client privilege to afford the Keystone Defendants the opportunity to petition the Third Circuit Court of Appeals for a Writ of Mandamus on this issue.