In re Marvin L. WARNER, Debtor.

Bankruptcy No. 86–1682–BKC–3P1.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 14, 1988.

Thomas M. Baumer, Jacksonville, Fla., for Fred M. Cone, Jr.

Allan G. Overton, Atlanta, Ga., Charles B. Lembcke, Jacksonville, Fla., for debtor.

James H. Post and Stephen D. Busey, Jacksonville, Fla., for Creditors' Committee.

Charles P. Pillans, III, Jacksonville, Fla., for Josephine Warner.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## MEMORANDUM OPINION REGARDING ORDER COMPELLING THE PRODUCTION OF DOCUMENTS FOR IN CAMERA INSPECTION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Order and Findings of Fact and Conclusions of Law entered June 8, 1988, 87 B.R. 199, compelling the production of documents for *in camera* inspection. The documents have been produced and the Court has completed its *in camera* inspection. Whereupon, the Court enters the following Memorandum Opinion:

### BACKGROUND

On December 10, 1987, the Court entered an order granting the motion of the Unsecured Creditors' Committee to take the examination of Fred M. Cone, Jr. ("Cone") pursuant to Bankruptcy Rule 2004. On December 16, 1987, the Committee caused Cone to be served with a subpoena directing him to produce certain documents in connection with this examination.

On December 23, 1987, Cone moved for a protective order and to quash the subpoena, which this Court denied on February 17, 1988. Cone was then directed to produce the requested documents within 30 days. Although Cone produced most of the documents on March 10, 1988, he refused to produce some 400 of the documents asserting the attorney-client and work product privileges on behalf of the debtor.

On April 1, 1988, the Committee filed its motion for an order "directing the Debtor to waive the attorney-client privilege or, alternatively, to appoint a trustee." The motion was followed by the Committee's motion to compel the production of documents from Cone dated April 8, 1988. The motion to compel was subsequently amended April 19, 1988, and hearings on the two motions were held April 23, 1988.

The thrust of the committees argument is that the documents sought to be produced are no longer privileged under the "fraud" exception to the attorney-client privilege. The alleged fraud was a series of pre-petition transfers to related persons and entities for little or no consideration made under the threat of pending litigation with the intention of hindering, delaying or defrauding creditors.

More specifically, debtor is said to have created a GRIT (Grantor Retained Income Trust) some 2½ years prior to filing for bankruptcy and reserved unto himself and his wife the right to income from this trust, all at a time when incidents of extraordinary fraud involving the debtor and E.S.M. Government Securities, Inc. were being uncovered. During this same time period, debtor was also said to have funded two other trusts, the "A.W.K. Sprinkle–Spray Trust" and the "Land Trust" to benefit his children.

From almost four million dollars the debtor transferred to Cone's trust account in March of 1985, $750,000 was used to fund the GRIT Trust while some $2,200,000 was transferred to debtor's wife. Another one million was later transferred to the debtor's wife in connection with an amendment to an antenuptial agreement. The Committee contends that these transaction were improper and made with the intention of defeating the interests of creditors.

In November 1985, the debtor paid $3,500,000 in cash for a 400 acre farm near Ocala, Florida, 160 acres of which were retained by him as "homestead", 80 acres were transferred to his wife, and 160 acres were transferred to his son for a note. The "homestead" property was subsequently deeded to the debtor and his wife as tenants by the entireties.

If these transfers are ultimately deemed fraudulent, they may be set aside under § 544 or § 548 of the Bankruptcy Code. Debtor's counsel of some twenty years, Fred M. Cone, Jr., has refused to discuss the circumstances surrounding these transfers or to turn over the requested documents. His position is primarily based

upon the attorney-client privilege which has not been waived by the debtor.

At the April 23, 1988 hearing, the Court decided to take the issues relating to the discovery dispute under advisement. After due consideration of the briefs submitted in relation thereto, the Court ruled that the best way to resolve this dispute was to have the documents submitted for *in camera* inspection. Accordingly, an order directing such production was entered June 8, 1988.

## DISCUSSION

In the Findings of Fact and Conclusions of Law entered June 8, 1988, the Court specifically found that the Unsecured Creditors' Committee had made a sufficient showing of fraud so as to invoke the "fraud" exception to the attorney client privilege. *See In re Warner*, 87 B.R. 199, 203 (Bkrptcy.M.D.Fla.1988). The Court indicated at that time that it would turn over to the creditors' committee those documents which (i) may be construed as evidence of fraudulent intent, or (ii) which are not in fact privileged.

Cone has submitted the contested documents for inspection and has grouped those documents into the following categories:

Category A: Attorney–Client Privilege. Communication by attorneys (Fred M. Cone, Jr., Esq.; Frank Miller, Esq.; Cone & Purcell, P.A.; Carlton, Fields, et al.; Kent, Watts & Durden) directly with client (Marvin L. Warner).

Documents: 1, 3, 4, 8, 10, 11, 14, 23, 24, 26, 34, 36, 39, 49, 54, 56, 58, 61, 62, 63, 67, 69, 71, 74, 77, 87, 88, 89, 93, 94, 97, 99, 100, 102, 108, 110, 120, 123, 125, 136, 136, 138, 141, 150, 152, 159, 161, 162, 166, 168, 171, 173, 177, 180, 183, 186, 197, 209, 210, 212, 214, 225, 237, 238, 258, 262, 273, 274, 283, 293, 294, 295, 300, 301, 302, 305, 309, 311, 314, 315, 317, 318, 319, 125, 329, 331, 333, 334, 336, 337, 338.

Category B: Attorney–Client Privilege. Communication by attorney (Fred M. Cone, Jr., Esq.) directly with client (Josephine Warner).

Documents: 84, 130, 187, 191, 207, 245, 287, 288, 304, 310.

Category C: Attorney–Client Privilege. Communication by attorney (Fred M. Cone, Jr., Esq.) directly with client (Mark Warner).

Documents: 151.

Category D: Attorney–Client Privilege. Communication by attorney (Fred M. Cone, Jr., Esq.) with clients (Marvin Warner and Josephine Warner).

Documents: 16, 19.

Category E: Attorney–Client Privilege. Communication by attorney/paralegal (Fred M. Cone, Jr./Valarie Hodge) with client's agents (Marge Bengel, Diane Parker).

Documents: 9, 13, 37, 41, 42, 43, 50, 51, 57, 72, 76, 78, 80, 82, 85, 90, 91, 96, 98, 113, 114, 115, 118, 119, 135, 142, 147, 167, 176, 201, 204, 220, 222, 227, 232, 260, 261, 268, 285, 286, 307, 322, 328.

Category F: Handwritten/typewritten notes/memos by attorney/paralegal (Fred M. Cone, Jr., Esq./Valarie Hodge) re communications with client/client's agents.

Documents: 7, 15, 18, 21, 22, 27, 28, 29, 30, 31, 35, 38, 40, 46, 47, 52, 55, 65, 83, 84, 101, 104, 111, 127, 128, 129, 139, 143, 145, 146, 149, 153, 154, 156, 157, 160, 175, 179, 181, 182, 188, 189, 190, 195, 200, 208, 211, 216, 217, 219, 221, 226, 231, 233, 236, 240, 241, 242, 243, 253, 254, 259, 264, 265, 266, 271, 280, 280, 281, 297, 312, 313, 316, 320, 323, 326, 330, 335, 341, 342, 343, 348, 351, 352.

Category G: Attorney–Client Privilege. Communication between/among attorneys/paralegals/legal secretaries for same client.

Documents: 6, 12, 20, 25, 32, 44, 45, 48, 53, 59, 60, 64, 68, 70, 73, 75, 79, 81, 86, 92, 95, 105, 106, 107, 112, 116, 121, 132, 134, 137, 148, 155, 163, 169, 174, 185, 192, 193, 194, 199, 206, 223, 224, 229, 234, 235, 239, 244, 246, 247, 248, 249, 250, 251, 252, 255, 256, 257, 263, 267, 269, 275, 277, 278, 282, 284, 289, 291, 292, 296, 298, 303, 308, 321, 324, 332, 339, 340.

Category H: Attorney–Client Privilege. Communication by attorney (Fred M. Cone, Jr., Esq.) and/or client with accountant/other professional (Terry Arch, W.L. Herndon, Byrd Fryer, Michael Kruke, Michael Garrett) engaged by that attorney for aid in advising client (Marvin Warner).

Documents: 5, 122, 124, 164, 165, 170, 184, 205, 213, 215, 218, 228, 230, 272, 279.

Category I: Attorney–Client Privilege. Attorney's drafts of communications with clients and others.

Documents: 17, 33, 140, 270, 299, 306, 349, 350.

Category J: Attorney's copies of (i) communications between client and other attorney for same client, or (ii) communications between attorneys for same client, or (iii) communications between clients agents and other attorneys for client.

Documents: 66, 103, 117, 133, 144, 158, 178, 198, 202, 203, 290, 344, 346.

Category K: Attorney–Client Privilege. Communications between client (Fred M. Cone, Jr., Esq.) and attorneys (A. Graham Allen, Esq., William D. Brinton, Esq.).

Documents: 2.

Category L: Attorney–Client Privilege. Attorney's copies of communications between client and client's agents.

Documents: 131, 327, 347.

Category M: Rule 501, Federal Rules of Evidence. Work Product Privilege.

Documents: 109, 172, 196, 345.

Category N: Confidential Governmental Investigation.

Documents: 276.

Another of debtor's counsel, Charles Lembcke, has separated the documents into categories based upon subject matter content. Those categories are:

Category A: Documents relating to the representation of Jody Warner (Debtor's wife).

Documents: 16, 18, 19, 60, 84, 101, 103, 106, 109, 114, 130, 157, 179, 187, 190, 204, 207, 245, 288, 297, 304, 313.

Category B: Representation of Mr. Arky during the probate of the Estate of Stephen Arky (Debtor's former son-in-law).

Documents: 216, 219, 221, 223, 259, 272, 273, 279, 280, 281.

Category C: Litigation in the case of *Champion v. Mark Warner, et al.*

Documents: 42, 43, 44, 45, 46, 52, 57, 68, 73, 79, 83, 85, 86, 90, 91, 92, 96, 111, 113, 120, 132, 134, 135, 136, 137, 143, 155, 156, 158, 160.

Category D: Litigation in the criminal case, *State of Ohio v. Marvin L. Warner.*

Documents: 63, 65, 71.

Category E: Litigation in the case of *S.E.C. v. Marvin L. Warner.*

Documents: 235, 236, 237, 240, 241, 243, 250, 251, 253, 254, 257, 258, 265, 276.

Category F: Litigation with State of Ohio.

Documents: 140.

Category G: Tax Advice.

Documents: 115, 122, 124, 164, 165, 171, 183, 204, 205, 206, 210, 213, 214, 215, 220, 222, 226, 244, 252, 320, 327, 340, 344.

Category H: Itemized statements for attorney and attorney's accountant fees.

Documents: 10, 11, 12, 17, 23, 33, 36, 39, 55, 80, 93, 95, 144, 294, 329, 337.

Category I: Legal research reflecting attorneys and accountants mental impressions, conclusions, opinions or legal theories.

Documents: 12, 121, 229, 248, 249, 250, 274, 277, 291, 303, 331, 332, 333, 349, 350.

Category J: Those documents not connected in time to planning or engagement in alleged fraudulent activity.

Documents: 1, 2, 5, 6, 7, 346, 347.

Category K: Warner's Wills and Codicils.

Documents: 69, 70, 76, 159, 289, 296, 318, 321.

Category L: Work Product Privilege.

Documents: 14, 15, 16, 18, 21, 22, 34, 36, 47, 48, 50, 51, 58, 61, 62, 66, 69, 70, 78, 99, 102, 104, 108, 112, 117, 118, 128,

129, 146, 148, 149, 152, 173, 179, 180, 186, 192, 199, 201, 203, 212, 238, 278, 282, 284, 285, 317, 325, 330, 341, 348.

Category M: Those documents containing the mental impressions, conclusions, opinion and legal theories of debtor's counsel.

Documents: 14, 15, 16, 18, 21, 22, 34, 36, 47, 48, 61, 62, 66, 69, 70, 78, 99, 102, 104, 108, 112, 117, 118, 128, 129, 146, 148, 149, 152, 173, 192, 201, 203, 282, 284, 285, 317, 325, 330, 341, 348.

Josephine Warner, debtor's wife, has also submitted a brief setting forth her position as to the contested documents and asks that the Court refrain from producing documents 84, 130, 157, 179, 187, 189, 191, 207, 245, 287, 288, 297, 304, 310 and 313 as they have no probative value as to debtor's intent.

Because the categories set forth by Cone do not readily lend themselves to the type of analysis the Court must undertake, the Court will disregard those categories and will instead accept for purposes of this examination the subject matter groupings submitted by Mr. Lembcke.

## CONCLUSIONS

The applicable standard used in determining whether a document falls within the "fraud" exception to the attorney-client privilege is whether there is "some valid relationship" between the document and the alleged fraudulent scheme. *In re International Systems and Controls Corp. Securities Litigation,* 693 F.2d 1235 (5th Cir.1982). In the case at bar, a document has "some valid relationship" to the alleged fraudulent scheme if it relates in any way to:

(i) any transfer of property of the debtor or of the trusts for which Mr. Cone is a trustee;

(ii) the liabilities or creditors of the debtor; and

(iii) the legal services rendered by Cone or his agents with respect to the transfers.

The application of the "some valid relationship" standard is appropriate in this case because, as in most fraud case, it is unlikely that any document will provide direct proof of the debtor's "intention" to hinder or delay his creditors. As a result, the Committee may have to rely upon circumstantial evidence from which such fraudulent intent is properly inferable. *See, United States v. Fernon,* 640 F.2d 609 (5th Cir.1981).

> [W]hile a badge of fraud standing alone may amount to little more than a suspicious circumstance insufficient in itself to constitute fraud per se, several of them when considered together may afford a basis from which its existence is properly inferable.

640 F.2d at 613.

With this standard in mind, the Court makes the following findings:

1. First, the Court finds that those documents concerning the probate estate of Stephen Arky shall remain privileged, with the exception of Document #219. The Creditors' Committee has not made any showing nor do the documents themselves indicate that the communications relating to the Estate of Stephen Arky involve any transfers upon which the fraud exception is premised. Accordingly, documents 216, 221, 223, 259, 272, 273, 279, 280 and 281 shall remain privileged.

2. Secondly, the Court finds that those documents relating to the *Champion v. Mark Warner, et al.* lawsuit in Kentucky are entitled to the protection of the attorney-client privilege. Although there may be some allegation that certain horses were improperly transferred from the debtor's individual ownership to the trust, the communications contained in these documents have nothing to do with any fraudulent transfer. Accordingly, documents 42, 43, 44, 45, 46, 52, 57, 68, 73, 79, 83, 85, 86, 90, 91, 92, 96, 111, 113, 120, 132, 134, 135, 136, 137, 143, 155, 156, 158, and 160 shall remain privileged.

3. Documents 63, 65, and 71 pertain to the criminal case of *State of Ohio v. Marvin Warner.* The Court finds those documents to be covered by the work product rule and the attorney-client privilege. No exception to those doctrines is evident.

Similarly, the Court finds the majority of those documents relating to the case of *S.E.C. v. Marvin L. Warner* (Debtor's Category E) privileged and in no way related to any fraudulent transactions. These privileged documents are listed as numbers 235, 236, 240, 241, 243, 250, 251, 253, 254, 257, 258, 265, and 276. Document 237 would likewise be privileged had the debtor not waived the privilege in the final paragraph.

4. Document 140 is a document related to litigation in *State of Ohio v. Marvin L. Warner, et al.*, Case No. B854622, Court of Common Pleas, Civil Division, Hamilton County, Ohio. The document contains handwritten notes by Warner's attorney which are protected under the work product rule and reflect Warner's attorney's mental impressions, conclusions, opinions or legal theories developed in connection with that case.

5. A substantial portion of the contested documents contain communications relating to the rendition or obtaining of tax advice. Those documents are set forth in Debtor's Category G and are numbered 115, 122, 124, 164, 165, 171, 183, 204, 205, 206, 210, 213, 214, 215, 220, 222, 226, 244, 252, 320, 327, 340, and 344. The Court finds all of these document protected by the attorney-client privilege with the exception of Document Number 252. That document is, in reality, nothing more than a cover letter with signed copies of certain promissory notes attached. The Court finds that the creditors are entitled to the production of those promissory notes as they may in some way relate to the debtor's supposed fraudulent intent. Those documents cannot be made privileged under the shield of a cover letter which, in essence, contains no privileged matters.

6. Similarly, the Court does not find it appropriate to compel the production of itemized time sheets of Warner's attorneys and accountants which describe the services rendered. In this case, documents 10, 11, 12, 17, 23, 33, 36, 39, 55, 80, 93, 95, 144, 294, and 337 fit this description and shall remain privileged. Document Number 329 will be excepted from this list as it contains information which may be construed as evidence of debtor's fraudulent intent.

7. Along with the items described above, Cone has submitted for examination several memoranda, items of legal research, legal forms and preliminary drafts of certain legal instruments. Those items are listed as documents 12, 121, 229, 248, 249, 250, 274, 277, 291, 303, 331, 332, 333, 349, 350. In its June 8, 1988 Order, the Court indicated that such documents would remain privileged unless there was some indication that Cone was assisting the debtor in defeating the interests of creditors. With the exception of document 303, there does not appear to be any such improper assistance.

8. Debtor has also asserted the attorney-client privilege as to documents claimed to be remote in time to the planning or engagement in any alleged fraudulent activity. They are: Documents 1, 2, 5, 6, 7, 346 and 347. The Court agrees with debtor that documents 1, 2, 5, 6, and 7 should remain privileged as each of them was created after the petition was filed and contain matters which have no pre-petition connection to any alleged fraudulent transfers. In addition, the Court finds these documents to be protected under the work product privilege as defined by *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The Court does not agree that documents 346 and 347 should remain privileged simply due to remoteness in time but nevertheless finds them to contain privileged matters unrelated to any fraudulent transfers.

9. Debtor has also asserted the attorney-client and work product privilege as it relates to his testamentary instruments Documents 69, 70, 159, 289, 295, 318 and 321). Debtor claims that production of these documents is not warranted as they are unrelated to any transfers questioned by the Creditor's Committee. The Court agrees. However, Document Number 76 contains information relating to the transfer of assets to the various trusts and shall be required to be turned over.

10. Finally, the debtor has grouped the remaining documents into two large cate-

gories claiming the work product privilege as to each of them. Those documents are set forth as numbers 14, 15, 16, 18, 21, 22, 34, 36, 47, 48, 50, 51, 58, 61, 62, 66, 69, 70, 78, 99, 102, 104, 108, 112, 117, 118, 128, 129, 146, 148, 149, 152, 173, 179, 180, 186, 192, 199, 201, 203, 212, 238, 278, 282, 284, 285, 317, 325, 330, 341, and 348. For the most part, the Court agrees that these documents should remain privileged. However, as announced in the Findings of Fact and Conclusions of Law entered June 8, 1988, the Court intends to compel production of any documents in which Cone or his agents assists the debtor in placing his assets beyond the reach of creditors. Documents falling within this category are numbers 16, 18, 21, 66, 99, 118, 146, 149, 152, 173, 186, 212, 278, and 284 and shall be required to be turned over.

▋ 11. In addition to the documents described by the debtor, there appears to be a substantial number of documents which have yet to be categorized. The Court has found it appropriate to group those documents according to the subject matter content and will discuss those categories below.

Category A: Documents relating to the sale of the condominium in Aspen, Colorado and Miami, Florida to debtor's sister, Rebecca Glazer.

Documents: 8, 24, 27, 29, 88, 89, 147, 186, 225, 262, 263, 269, 286.

▋ The Court finds that the Committee is entitled to the production of these documents as they directly relate to the alleged fraud (transfer of assets to family members for little or no consideration in anticipation of future litigation with the intent to hinder, delay or defraud creditors).

Category B: Loans to the various trusts; circumstances surrounding the creation of those trusts; transfer of assets to the trust; etc.

Documents: 16, 21, 41, 76, 97, 99, 103, 114, 154, 175, 177, 187, 189, 190, 191, 324.

Again the Court finds that the Committee is entitled to the production of these

documents as they directly relate to the issues in this case.

Category C: Sale of Horses and other valuable assets.

Documents: 18, 60, 64, 94, 110, 118, 123, 150, 152, 173, 175, 207.

The Court finds that the Committee is entitled to the production of these documents so they may examine the circumstances surrounding these transfers. From these documents, it appears that questions may arise to adequacy of consideration, ownership of the assets, and as to debtor's intent in transferring these assets.

Category D: Loans to family members.

Documents: 149, 151, 168, 172.

Category E: Circumstances surrounding the sale/lease of debtor's farm in Ocala and intentions regarding choice of homestead.

Documents: 66, 116, 149, 151, 172, 212, 252, 278, 284, 329.

Again, these documents lie at the heart of the alleged fraud and the Court finds them to contain information which is directly relevant to the issues at hand. These documents are not made privileged simply by attachment of a cover letter.

12. In addition to the above findings, the Court finds that the following documents contain no privileged information nor are they likely to reveal confidential communications: Documents 9, 19, 105, 181, 185, 196, 239, 260, 271, 275, 316, 345. These documents shall be required to be turned over.

13. The Court finds further that the following documents should be produced as they tend may show Cone's participation and assistance in the alleged fraudulent scheme: Documents 35, 101, 146, 175, 194, 219, and 303.

14. The Court will also compel the production of documents 182, 184 and 200 as they relate to the purchase of exempt assets (insurance contracts) at a time when substantial litigation was pending against the debtor.

15. As for the arguments raised by counsel for Josephine Warner, the Court can find no valid reason why, in this in-

stance, the Court should make a distinction for letters between Cone and Mrs. Warner and those simply involving the debtor. The Court finds her to be an agent of the debtor and a significant player in regards to the transfers. Indeed, a substantial portion of the letters between Mrs. Warner and Cone appear to have been drafted by Cone for Mrs. Warner's signature. Accordingly, documents number 187, 189, 191, and 207 shall be produced as set forth above.

16. All other documents, including those documents pertaining to debtor's horse racing enterprises in France, contain privileged matters which are not discoverable under the fraud exception to the attorney client privilege.

### SUMMARY

The Court has completed its *in camera* examination of each of the contested documents as well the accompanying memoranda of law. Based upon that examination, the Court will order as follows:

1. Documents to be made available to Creditors' Committee for inspection:

8, 9, 16, 18, 19, 21, 24, 27, 29, 35, 41, 60, 64, 66, 76, 88, 89, 94, 97, 99, 101, 103, 105, 110, 114, 116, 118, 123, 146, 147, 149, 150, 151, 152, 154, 168, 172, 173, 175, 177, 181, 182, 184, 185, 186, 187, 189, 190, 191, 194, 196, 200, 207, 212, 219, 225, 237, 239, 252, 260, 262, 263, 269, 271, 275, 278, 284, 286, 303, 316, 324, 329, and 345.

2. The following documents are privileged and will be returned to Fred M. Cone, Jr.:

1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 17, 20, 22, 23, 25, 26, 28, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 90, 91, 92, 93, 94, 95, 96, 98, 100, 102, 104, 106, 107, 108, 109, 111, 112, 113, 115, 117, 119, 120, 121, 122, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 148, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 170, 171, 174, 176, 178, 179, 180, 183, 192, 193, 195, 197, 198, 199, 201, 202, 203, 204, 205, 206, 208, 209, 210, 211, 213, 214, 215, 216, 217, 218, 220, 221, 222, 223, 224, 226, 227, 228, 229, 230, 231, 232, 234, 235, 236, 238, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 253, 254, 256, 257, 258, 259, 261, 264, 265, 266, 267, 268, 270, 271, 272, 273, 274, 276, 277, 279, 280, 281, 281, 283, 285, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 317, 318, 319, 320, 321, 322, 323, 325, 326, 327, 328, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 346, 347, 348, 349, 350, 351, and 352.

3. The production of documents in paragraph 1 and the return of documents in paragraph 2 will be held in abeyance for 30 days to allow any party to seek appellate review.