**In re Gary D. RAFSKY, Debtor.**

**No. 02–50924.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 30, 2003.

Edward P. Jukiewicz, Canton, CT, for Cadle Company.

William S. Fish, Jr., Tyler, Cooper & Alcom, LLP, Hartford, CT, for Kathleen Rafsky.

## MEMORANDUM AND DECISION ON MOTION FOR PROTECTIVE ORDER

ALAN H. W. SHIFF, Bankruptcy Judge.

### BACKGROUND

This chapter 7 case was commenced on August 1, 2002. On September 5, 2002, an order entered authorizing The Cadle Company, a judgment creditor, to examine the debtor's spouse, Kathleen Rasfky ("Rafsky"), on September 26 pursuant to Fed. R. Bankr.P.2004.[1] On September 20th, Cadle served a subpoena duces tecum upon Rafsky. The 2004 examination was rescheduled several times. On October 25th, Rafsky filed a motion for a protective order in connection with the last scheduled examination, asserting a marital privilege under Connecticut law. On November 1, 2002, Cadle filed the instant motion to compel Rafsky's testimony and the production of the subpoenaed documents. For the reasons that follow, the motion for a

protective order is denied, and the motion to compel is granted.

### DISCUSSION

Fed. R. Bankr.P. 9017 provides that the Federal Rules of Evidence apply in cases brought under the bankruptcy code. Fed. R.Evid. 501 provides, in relevant part:

[T]he privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which *State law supplies the rule of decision*, the privilege of a witness ... shall be determined in accordance with State law. (Emphasis added).

■■■ Rafsky claims that "it is clear that Cadle intends to examine [Rafsky] about several matters that implicate Connecticut state law" and, therefore, since "matters of Connecticut law will be at the forefront of the 2004 examination, [Rafsky] is entitled to rely on Connecticut's marital privilege." Rafsky Supp. Memo. at 1–2. That argument is unavailing, Connecticut law is not at the "forefront" of the issue here. Rather, the issues center on bankruptcy law, specifically the chapter 7 provisions which grant a discharge to honest debtors in exchange for a distribution of nonexempt estate property to creditors. The 2004 examination, which permits any party in interest to seek discovery of property of a debtor's estate, is an essential tool in that process.[2]

---

1. Rule 2004 states that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr.P. 2004(a). The scope of the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the

debtor's right to a discharge." Fed. R. Bankr.P.2004(b).

2. It is well established that:

The scope of a Rule 2004 examination is exceptionally broad and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural

Rafsky's argument that testimony from the 2004 examination might be available at a subsequent proceeding controlled by state law does not alter the conclusion that the issue here is controlled by bankruptcy law. As the 11th Circuit Court of Appeals explained when declining to apply Georgia's accountant-client privilege in a bankruptcy proceeding:

> At this juncture in the proceedings, the sole questions before the bankruptcy tribunal relate to traditional questions of federal bankruptcy law .... As the District Court recognized, it is not yet clear what claims or defenses might eventually arise in this litigation. Perhaps there will be claims involving questions of state law, perhaps not. However, it is clear at this point that this is a federal law proceeding and that the Bankruptcy Court is not required to apply the Georgia accountant-client privilege. To rule otherwise would be to deny creditors and bankruptcy courts access to the source of information and records most relevant and necessary to their investigation of "the acts, conducts, assets, liabilities and financial condition of the debtor."

*In re Int'l Horizons,* 689 F.2d 996, 1003 (11th Cir.1982) (citations omitted); *see also Bulow v. Bulow,* 811 F.2d 136, 140 (2d Cir.1987) ("The evidence sought ... is relevant to both the federal and state claims. In such situations courts consistently have held that the asserted privileges are governed by the principles of federal law."); *In re Tippy Togs of Miami, Inc.,* 237 B.R. 236, 237 (Bankr.S.D.Fl.1999) ("This contested matter arises in the bankruptcy case, not in any adversary proceeding involving state law claims or defenses. Therefore, federal law applies to the privilege issue before the Court."). Accordingly, Connecticut's marital privilege is unavailable here under FRE 501.

■ Alternatively, Rafsky urges the court to apply Connecticut's marital privilege on the basis of comity. Again, Rafsky's argument is unavailing. *See United States v. King,* 73 F.R.D. 103, 105 (E.D.N.Y.1976) ("A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges *where this can be accomplished at no substantial cost to federal substantive and procedural policy.*" (emphasis added)). Here, the application of Connecticut's marital privilege would be at such a cost. As observed *supra* at 154, the exception under FRE 501 for the application of Connecticut's marital privilege does not apply. Therefore, the recognition of that privilege under principles of comity would contradict controlling federal law and policy. *See Johnson v. Nyack Hospital,* 169 F.R.D. 550, 558 (S.D.N.Y.1996) ("[T]he goal [of FRE 501] ... is the informed determination of a single, uniform federal law of evidentiary privileges.").

Accordingly, the motion for a protective order is DENIED, the motion to compel is GRANTED and it is SO ORDERED.

---

safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to a "fishing expedition."

*In re Duratech Indus., Inc.,* 241 B.R. 283, 289 (E.D.N.Y.1999) (*quoting In re GHR Energy Corp.,* 33 B.R. 451, 453–54 (Bankr.D.Mass.1983)).