## In re SUBPOENA TO TESTIFY BEFORE GRAND JURY.

Subpoena No. 91–4–70–52.

No. 92 X 71597.

United States District Court, E.D. Michigan, S.D.

April 9, 1992.

Harland E. Cohen, Southfield, Mich., for movant.

Robert P. Cares, Asst. U.S. Atty., Detroit, Mich., for U.S.

## OPINION AND ORDER DENYING PETITION TO QUASH SUBPOENA

GADOLA, District Judge.

On March 20, 1992, petitioner Dean R. Nusholtz filed the instant petition to quash subpoena. The government filed an answer to the petition April 2, 1992.

### FACTS

Petitioner is a certified public accountant licensed to practice in the state of Michigan. Accordingly, petitioner is subject to all the statutes, rules and regulations of the state of Michigan pertaining to accountancy. On March 6, 1992, petitioner received a subpoena to testify before a grand jury. The subpoena orders the petitioner not only to appear in person, but also to produce records concerning three of petitioner's clients.

Fearing a breach of confidentiality, petitioner attempted to obtain written consent from his clients to disclose these doc-

uments. Petitioner's clients refused to consent. Petitioner now brings the instant petition to quash the subpoena, stating that disclosure of the records or any information would place him in violation of Mich. Comp.Laws Ann. § 339.713, which prohibits the disclosure of accountant-client materials.

### APPLICABLE LAW

Section 339.713 states in relevant part:

Except by written permission of the client ... a certified public accountant ... shall not disclose or divulge, nor be required to disclose or divulge information relative to and in connection with an examination or audit of, or report on, any books, records, or accounts which the certified public accountant ... was employed to make. The information derived from or as the result of professional service shall be considered confidential and privileged....

Mich.Comp.Laws Ann. § 339.713. Federal Rule of Evidence 501 reads in relevant part:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience....

Fed.R.Ev. 501.

### ANALYSIS

Petitioner claims that he is protected from disclosing the information both by the clear language of Mich.Comp.Laws Ann. § 339.713 and Fed.R.Ev. 501, the latter of which incorporates state law privileges such as the accountant-client privilege. The government argues that Fed. R.Ev. 501 does not incorporate state statute-created privileges, but only those that exist in the common law.

This court agrees with the government's position. In *Couch v. United States*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973), the Supreme Court clearly stated that "... no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases." *See also United States v. Arthur Young & Co.*, 465 U.S. 805, 817, 104 S.Ct. 1495, 1502, 79 L.Ed.2d 826 (1984) (quoting *Couch* with approval); *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir.1987) (citing *Couch* with approval). Further, the United States Supreme Court does not recognize a specific accountant-client work product privilege. *Arthur Young*, 465 U.S. at 817–18, 104 S.Ct. at 1502–03; *see also In re Newton*, 718 F.2d 1015, 1021 (11th Cir.1983), *cert. denied sub nom., Trio Mfg. Co. v. United States*, 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984). Finally, refusing to adopt a state statute-created privilege into the federal rules of evidence does not offend the doctrine of comity between federal and state courts. *In re International Horizons, Inc.*, 689 F.2d 996, 1005 (11th Cir.1982); *ACLU v. Finch*, 638 F.2d 1336, 1342 (5th Cir.1981).[1]

Because petitioner bases his objections upon the Michigan accountant-client privilege contained in Mich.Comp.Laws Ann. § 339.713, his petition to quash must be denied.

### ORDER

Therefore, it is hereby ORDERED that the petition to quash is DENIED.

SO ORDERED.

---

**1.** The case cited by petitioner, *Berdon v. McDuff*, 15 F.R.D. 29, 31–32 (E.D.Mich.1953), is not on point. In that case, the court relied upon Fed. R.Civ.P. 43(a) as it then existed. This former version of Rule 43(a) accepted as privileged matter all evidence that would be excepted from evidence "in the courts of general jurisdiction of the state in which the United States Court is held." This version of Rule 43(a) is no longer in existence.