**COASTAL FUELS OF PUERTO RICO, INC., Plaintiff,**

v.

**CARIBBEAN PETROLEUM CORPORATION, et al., Defendants.**

No. Civ. 92–1584(PG).

United States District Court, D. Puerto Rico.

Aug. 2, 1993.

John F. Malley, III and Dora M. Peñagarícano, McConnell Valdés, San Juan, PR, for plaintiff.

Miguel García Suárez, San Juan, PR, Jorge R. Jiménez, Hato Rey, PR, Michael S. Yauch & Adrian R. Martínez, Houston, TX, Neil O. Bowman, Miami, FL, Jorge Antongiorgi, Ledesma Palou & Miranda, Hato Rey, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, Coastal Fuels of Puerto Rico, Inc. ("Coastal"), brought a federal antitrust suit in the United States District Court for the District of Puerto Rico against the defendants, Caribbean Fuel Oil Trading, Inc. ("Caribbean"), Caribbean Petroleum Corporation ("CAPECO"), and Harbor Fuel Services, Inc. ("Harbor"). Coastal alleged that the defendants had violated federal and state antitrust laws. Defendants Caribbean and Harbor had already filed a state action against Coastal which involved similar issues of fact as those in the federal suit, and the defendants reiterated those issues in a counterclaim to the present action. All parties agreed to engage in joint discovery which would be used in both the federal and state cases. On June 18, 1993, as part of the discovery process, Coastal served a subpoena duces tecum and a deposition subpoena upon Rebecca López Castell, an accountant for defendant Caribbean. Ms. López refused to produce documents or to attend a deposition, because she believed that the information that Coastal requested is protected by an accountant-client privilege.

Now defendant Caribbean seeks a motion for a protective order pursuant to Fed. R.Civ.P. 26(c) and 45(c), which will prohibit Ms. López from producing the documents requested, and will quash the subpoenas in question. Conversely, plaintiff Coastal seeks a motion for an order compelling discovery, pursuant to Fed.R.Civ.P. 37(a)(2).

Rule 501 of the Federal Rules of Evidence governs over questions about the accountant-client privilege. The rule provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political sub-

division thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Defendant Caribbean argues that the final sentence of Fed.R.Evid. 501 applies to the present case, because Puerto Rico law allows the accountant-client privilege: "No court shall require a certified public accountant or public accountant to divulge information or evidence obtained by him in his confidential capacity as such." Section 19 of Act No. 293 of May 15, 1945, as amended, 20 L.P.R.A. § 790 (1945).

However, while the Puerto Rico law of privilege might apply in a state suit, various courts have stated that in federal question cases there is no accountant-client privilege, because there is no such privilege under the federal common law. In *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), the Supreme Court stated that "no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases." *Id.* at 335, 93 S.Ct. at 619. The Court went on to explain that "there can be little expectation of privacy when records are handed to an accountant, knowing that mandatory disclosure of much of the information therein is required in an income tax return." *Id.* Many courts have agreed with the Supreme Court's position toward the accountant-client privilege in *Couch. In re Subpoena to Testify Before Grand Jury*, 787 F.Supp. 722, 724 (E.D.Mich.1992); *United States v. Mullen & Co.*, 776 F.Supp. 620, 621 (D.Mass.1991); *United States v. Margaritas Mexican Restaurant, Inc.*, 138 F.R.D. 566, 568–69 (W.D.Mo.1991); *United States v. Arthur Young & Co.*, 465 U.S. 805, 817, 104 S.Ct. 1495, 1503, 79 L.Ed.2d 826 (1984).

It is difficult to apply Rule 501 to the present case because it involves federal and state claims. However, there is precedent which suggests that the federal rule of privilege should be followed, rather than any state rule. In *Wm. T. Thompson v. General Nutrition Corp.*, 671 F.2d 100 (3d Cir.1982), there were federal and state law antitrust claims which were consolidated for purposes of discovery. General Nutrition Corp.'s accountant refused to comply with a subpoena duces tecum because there was a state rule which allowed accountant-client privilege. The Third Circuit court held that "when there are federal law claims in a case also presenting state law claims, the federal rule favoring admissibility, rather than any state law privilege, is the controlling rule." *Id.* at 104. The *Thompson* holding was supported recently in *O'Neil v. Q.L.C.R.I., Inc.*, 750 F.Supp. 551, 557 (D.R.I.1990). In *O'Neil*, the court denied the defendant's claim of a state banker-customer privilege and granted a motion to compel discovery, holding that even if there is a state statutory privilege, "federal practice trumps the state law." *Id.* at 557. This Court agrees with the reasoning of the *Thompson* court, and therefore holds that the federal rule controls in this case.

For the foregoing reasons, the Court declares that defendant Caribbean's motion for protective order is **DENIED,** and that plaintiff's motion for order compelling discovery is **GRANTED.** However, the Court will not impose any sanctions in connection with these motions.

**IT IS SO ORDERED.**