**PLATYPUS WEAR, INC., a California Corporation, Plaintiff,**

v.

**K.D. COMPANY, INC., a New Mexico Corporation; John Davoudzadeh, an Individual, Defendants.**

Civ. No. 94–820 R (AJB).

United States District Court, S.D. California.

Nov. 15, 1995.

Kevin Cahill and John Moot for Plaintiff.

Jennie Behles and Cynthia Fissel, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY

BATTAGLIA, United States Magistrate Judge.

Counsel for Plaintiff has filed a Motion to Compel Further Deposition Testimony by Alan Weiner. The Court has received and reviewed of all of the moving, opposition, and reply papers of both parties. In addition, a discovery conference was held before Magistrate Judge Anthony J. Battaglia on November 2, 1995. Kevin Cahill and John Moot appeared on behalf of Plaintiff. Jennie Behles and Cynthia Fissel appeared on behalf of Defendants. Taking into consideration all the arguments of both parties, the Court hereby GRANTS Plaintiff's Motion to Compel, but orders that further testimony from Mr. Weiner is stayed pending resolution by Judge Rhoades of Plaintiff's Motion to Amend.

### Discussion

Mr. Weiner was formerly employed by Defendants as a bookkeeper/accountant. He was subpoenaed by Plaintiff to give testimony corroborating that of another of Defendants' former employees, Tamara Jahn, relative to commingling of corporate and personal assets by the Davoudzadeh Family Members. Plaintiff argues that this information

is directly relevant to Plaintiff's alter ego allegations.[1]

At Mr. Weiner's deposition, counsel for Plaintiff posed questions relative to five particular issues: (1) checks not paid by K.D. to third parties; (2) the handling of the petty cash account at K.D.; (3) the insolvency or bankruptcy of K.D.; (4) commingling of funds between personal and business uses at K.D.; and (5) check writing practices at K.D. Counsel for Defendants, in response to these questions, interposed an objection, claimed a privilege on behalf of Defendants under New Mexico's accountant-client privilege,[2] and instructed Mr. Weiner not to answer the questions based upon the assertion of the accountant-client privilege. Counsel for Plaintiff argues that the New Mexico privilege does not apply in this case and that Mr. Weiner may respond to the questions.

### 1. Is This the Proper Court To Address the Motion to Compel?

■ Initially, Counsel for Defendants argue that this Court cannot properly determine the issue of claim of privilege because Mr. Weiner is not a party to this case, is a resident of New Mexico, and was being deposed in New Mexico. To the extent that Counsel for Defendants argue that the deposition subpoena should have been issued out of the District Court in New Mexico, they are correct. Pursuant to Fed.R.Civ.P. 45(a)(2), "[a] subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." Similarly, Fed.R.Civ.P. 37(a)(1) provides that a motion to compel discovery should be brought before the court in the district where the discovery is being, or is to be, taken. However, this is a moot issue because Mr. Weiner did appear to testify and remains willing, according to his declaration filed as Exhibit A to Plaintiff's Reply, to reappear and answer the questions which are the issue of this motion. Plaintiff does not seek an order compelling Mr. Weiner to appear and testify, but rather it seeks an order overruling Defendants' claim of the accountant-client privilege. Such motion is properly brought in this Court. See Fed.R.Civ.P. 37(a)(1) ("An application for an order to a party shall be made to the court in which the action is pending."); Fed.R.Civ.P. 30(d)(3) ("At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).") Therefore, this is the appropriate Court to decide the motion.

### 2. Does The New Mexico Privilege Apply in this Case?

Before the Court even reaches the question of whether the New Mexico accountant-client properly applies to Mr. Weiner, it must determine if the New Mexico privilege applies to this case. In order to determine whether the New Mexico privilege law may be applied by this Court, two questions must be answered: (a) does state or federal common law of privilege govern; and (b) if state law applies, does the law of California or New Mexico govern.

### a. Does State or Federal Privilege Law Apply?

■ Rule 501 of the Federal Rules of Evidence governs any claim of privilege in a case proceeding in the federal courts. In general,

---

1. Plaintiff has filed a Motion to Amend the Complaint to add alter ego theories of liability. This Motion has been fully briefed and is currently set for hearing before Judge John S. Rhoades on November 27, 1995.

2. N.M.Stat.Ann. § 38–6–6(C) provides as follows: "In the courts of the state, no certified public accountant or public accountant shall be permitted to disclose information obtained in the conduct of any examination, audit or other investigation made in a professional capacity, or which may have been disclosed to said accountant by a client, without the consent in writing of such client or his, her or its successors or legal representatives."

Rule 501 provides that the federal common law of privilege applies in cases in this Court. The rule further provides: "However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law." If federal law is applied to this issue, the motion to compel must be granted because there is no accountant-client privilege under federal law. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

 It is clear that State law governs a claim of privilege in a pure diversity case, and that in pure federal question cases the federal common law of privilege governs. However, it is not settled what privilege law should be applied to a case, such as this, which is primarily based upon state law diversity claims, with one federal claim as part of the counterclaim. Plaintiff's complaint alleges breach of contract, fraud, negligent misrepresentation, intentional and negligent interference with economic advantage, and unfair competition. Defendants' third amended counterclaim alleges violation of the Lanham Trademark Act, unfair competition under California's Business and Professions Code and common law, defamation, breach of contract, breach of covenant of good faith and fair dealing, fraud, and conversion.

Counsel for Plaintiff argues that because this case contains one federal claim, all assertion of privileges must be determined based upon the federal common law. To the contrary, Counsel for Defendant argues that because this is primarily a diversity lawsuit, involving state law claims, state privilege law should apply. Unfortunately, the Ninth Circuit has not addressed the issue of what privilege law should be applied in cases involving both state and federal claims.

The cases cited by Plaintiff in support of applying the federal law of privilege, are not controlling on this issue. In *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100 (3d Cir.1982), the plaintiff raised primarily claims of federal antitrust violations. The state law claims overlapped the federal claims such that the same evidence would be necessary as to all issues. For that reason, and because the court found that the application of both state and federal privilege law to the same evidence would be unworkable, the court held that the federal common law would prevail. Likewise, in *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 830 F.Supp. 80 (D.Puerto Rico 1993), the claims raised were primarily federal antitrust violations, with overlapping state law claims. Therefore, the court found it impossible to apply both state and federal law privileges and found the federal policy of admissibility of evidence to be controlling.

Unlike the cases cited by Plaintiff, the evidence sought by the Plaintiff in this case, for which a claim of privilege has been advanced, goes only to the state law theories of liability. More particularly, Plaintiff has not advanced any theory of relevancy for the information as it relates to the Lanham Act federal cause of action in Defendants' counterclaim.[3] Therefore, this Court would not be forced to apply two different privilege rules to the *same* evidence. As such, this case is more like *Scott v. McDonald*, 70 F.R.D. 568 (N.D.Georgia 1976) cited by Defendants. In *Scott*, the primary claims in a diversity suit were for medical malpractice and negligence, but plaintiff also alleged violations of federal statutes regulating the use and transportation of drugs. The discovery sought, for which privilege was claimed, related only to the state law causes of action. As that court pointed out, the case "remains a diversity case, with some federal aspects, rather than a federal question case." *Id.* at 572. As such, the court applied state law privileges.

The Plaintiff has cited one case *Doe v. Special Investigations Agency*, 779 F.Supp. 21 (E.D.Penn.1991), in which the court applied federal privilege principles in case involving both federal and state claims, despite

---

**3.** At the discovery conference on November 2, counsel for Plaintiff stated that the information sought could also have some possible relevance to its breach of contract or fraud causes of action. However, Plaintiff does not dispute that the evidence sought has no relevance whatsoever to the Defendant's Lanham Act counterclaim.

the fact that the evidence sought (psychiatric treatment records) was relevant *only* to the pendent state law claims and had no applicability to the primary federal question (RICO violation). The court in that case relied entirely on *Wm. T. Thompson Co., supra,* which was and is binding authority. The court further refused to distinguish between application of federal privilege principles in a mixed case where evidence is admissible on both federal and state issues from application of those principles where evidence pertains *only* to the state law issue.

■■■ This Court finds, however, that a bright line rule, requiring the application of federal common law privilege principles to a case containing any federal claim, is neither appropriate nor necessary. Rule 501 specifically states that "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege ... shall be determined in accordance with State law." The need for consistency requires federal courts to apply federal privilege policies, rather than state privilege law, where evidence goes to both federal and state law claims. However, that policy of consistency cannot be used to justify ignoring the express language of Rule 501 where evidence can be relevant *only* to state law claims. Where the application of state privilege law to evidence in support of a claim arising under state law creates no conflict, such as where the evidence sought can be relevant only to state law claims, the state law privilege should be applied consistent with the express language of Rule 501.

■■■ This case remains primarily a diversity case, despite the existence of one federal claim in Defendants' counterclaim. The disputed evidence sought by Plaintiff goes only to a state law issue, whether or not Plaintiff may pierce KD's corporate veil and hold individual Defendants liable for KD's debts. It would be contrary to the express language of Evidence Rule 501 to apply a bright line rule that all claims of privilege must be governed by federal law, simply because this case contains one federal cause of action. Therefore, whether or not Defendants may

claim the accountant-client privilege is governed by state rather than federal privilege law.

### b. Does California or New Mexico Law Govern?

Counsel for Defendants state in their opposition papers that the law of New Mexico regarding alter ego liability should apply in this case and, therefore, that New Mexico privilege law should apply. Unfortunately, the case cited by Defendant for the proposition that New Mexico law should determine the alter ego question, *In re Yarbrow,* 150 B.R. 233 (Bankr.9th Cir.1993), does not contain a discussion of choice of law issues. Rather, it merely applies New Mexico law without any explanation of the rationale therefor. Alternatively, Plaintiff simply states, without citation to any authority, that "the district court sitting in diversity would apply the law of the state in which it was located."

■■■ Generally speaking, the appropriate law to be applied by a federal court sitting under diversity jurisdiction is determined by reference to the conflicts of laws rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Where a privilege is claimed at trial, the law of the state where the court sits is controlling. 2 Jack B. Weinstein et al., *Weinstein's Evidence* 501–28 (1995). There is some authority, however, for Defendants' assertion that since the privilege was raised at a deposition of a non-party witness, who does not reside in California, and the deposition was taken in a forum other than the one in which the trial is pending, the Court should apply the privilege law of the state where the deposition is being taken. *Id.* at 501–29. However, the basis of this lawsuit is a contract which arose in California, and the party claiming the privilege is subject to the jurisdiction of this Court. More importantly, however, the contract which is the basis of this lawsuit contains a choice of law clause in favor of California.[4] Because this case will be tried un-

---

4. The contract provides: "[t]his Agreement shall be interpreted and enforced under the internal

laws of the State of California applicable to con-

der the laws of California, and because Defendants entered into the contract agreeing that disputes thereunder would be litigated according to California law, the Court finds no policy which would require it to apply the New Mexico accountant-client privilege in this case.

California law contains no accountant-client privilege. Therefore, Defendants' claim of an accountant-client privilege cannot be sustained.

### Conclusion

The Court finds that California law governs the claim of privileges in this case. Because California law contains no accountant-client privilege, Defendants' claim of privilege under New Mexico's statute cannot be sustained. Therefore, Plaintiff's motion to compel further deposition testimony by Alan Weiner, to answer the questions as set forth in Exhibit B to the motion, is hereby GRANTED. The Court orders that further deposition testimony shall be stayed until resolution by Judge Rhoades of Plaintiff's Motion to Amend.

IT IS SO ORDERED.

tracts made and performed entirely therein, and not to its conflicts of laws."