**Carmen Marrero HERNÁNDEZ,
et al., Plaintiffs,**

v.

**ESSO STANDARD OIL COMPANY
(PUERTO RICO), Defendants.**

**No. Civil 03–1485(GAG)(JA).**

United States District Court,
D. Puerto Rico.

Sept. 18, 2008.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, Manuel San–Juan–De-

---

Martino, Manuel San Juan Law Office, Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, Orlando Cabrera–Rodriguez, San Juan, PR, for Plaintiffs.

John F. Nevares, John F. Nevares & Assoc. PSC, San Juan, PR, PHV Julio Cesar Gomez, Latham & Watkins, Newark, NJ, PHV Lawrence P. Riff, PVH Jason Levin, Steptoe & Johnson LLP CA, HV Mariana Aguilar, Los Angeles, CA, for Defendants.

### OPINION AND ORDER

JUSTO ARENAS, Chief United States Magistrate Judge.

This matter is before the court on motion by the non-party Puerto Rico Environmental Quality Board ("EQB") to quash a subpoena served upon it by the plaintiffs on August 7, 2008. (Docket No. 876, August 25, 2008.) The EQB argues plaintiffs' subpoena violates Federal Rule of Civil Procedure 45(c)(3) in that plaintiffs have not allowed the EQB a reasonable time to comply, the subpoena seeks privileged information, and the subpoena subjects the EQB to undue burden. (*Id.* at 3.)

The motion to quash was referred to me on August 26, 2008. (Docket No. 877.) Plaintiffs then filed a motion in opposition to the EQB's motion to quash on September 2, 2008. (Docket No. 883.)

Having considered the arguments of plaintiffs and the EQB, I deny the motion to quash.

Federal Rule of Civil Procedure 45(c)(3)(A) provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

(I) fails to allow a reasonable time to comply;

. . .

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

EQB has a particularly heavy burden in seeking to quash a subpoena as contrasted to more limited protection, such as seeking to modify, condition or limit the production

sought. *See, e.g., Horizons Titanium Corp. v. Norton, Co.*, 290 F.2d 421, 425 (1st Cir. 1961); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459, at 46 (3d 1995).

While the EQB alleges that the plaintiffs did not grant a reasonable time period (11 work days) to comply with the subpoena, aside from gossamer, it proffers neither facts nor argument to support such an allegation.

The EQB alleges the information sought by the plaintiffs' subpoena is privileged because those documents are "currently being utilized in a process of deliberation to assess the viability of adopting possible future manuals, regulations and/or procedures." (Docket No. 876, at 3, ¶ 9.) In support of their argument, the EQB cites either case law relating to requests under the Freedom of Information Act, which is inapplicable to states, territories, and their agencies, 5 U.S.C. §§ 551(1), 551(1)(c), or case law which is not controlling in this jurisdiction. (See Docket No. 876.)

The EQB also argues that "[i]t is recognized by local jurisprudence that the deliberative process is outside the scope of discovery." (*Id.* at 6.) However, cases cited by the EQB do not control the issue. None deals with deliberations by state agencies sought by subpoena duces tecum in a civil case. *See Pueblo v. Echevarría Rodríguez,* 128 D.P.R. 299 (1991) (criminal case); *Ades v. Zalman,* 115 D.P.R. 514 (1984) (seeking to depose attorney for the opposing party, which was not a government agency); *Pueblo v. Figueroa Rosa,* 112 D.P.R. 154 (1982) (same); *C.R.U.V. v. Hampton Dev.,* 112 D.P.R. 59 (1982) (seeking testimony by arbitrator as to his deliberations); *cf. Sterling Merch. Inc. v. Nestle, S.A.,* 470 F.Supp.2d 77, 82–83 (D.P.R. 2006); *Coastal Fuels of Puerto Rico v. Caribbean Petroleum Corp.,* 830 F.Supp. 80 (D.P.R.1993).

The EQB argues that the subpoena is unduly burdensome because the documents sought are irrelevant and the subpoena did not afford the EQB sufficient time to conduct the "extensive search" necessary to locate the documents requested. (Docket No. 876, at 7–8.)

■ The EQB's claim that the subpoena provided it insufficient time to conduct the search necessary to locate the subpoenaed documents has already been addressed. The EQB was given eleven working days to locate documents relating to three (3) articles which were produced at its request. (See Docket No. 883, at 1; Docket No. 876–2, at 2–3.) The EQB's claim that it was given insufficient time is further belied by its failure to move for a modification of the subpoena according to Federal Rule of Civil Procedure 45(c)(3). EQB cannot rely on such a perfunctory assertion that compliance would be burdensome under the circumstances. It must show clearly the manner and extent of the burden and the injurious consequences of plaintiffs' insisting on compliance with the subpoena. *See* Charles Alan Wright & Arthur R. Miller, *supra* at 2. That has not happened.

■ The EQB claims the documents sought are irrelevant because they "were not drafted contemporaneously with the events of the litigation nor were they a direct result of the same." (Docket No. 876, at 7.) The documents sought relate to underground storage systems, training on how to inspect such systems, and "corrective action" related to such systems. In the balance of interests and inconveniences, plaintiffs' interest in production is clear from the nature of this case. When comparing such interest with an evanescent inconvenience on the part of the EQB, a public agency, the alleged burden becomes ethereal at best. *Cf. Adolfo v. Cordero Otero*, 130 D.P.R. 376, 383 (1992).

I add in passing that the court acts on motions to quash upon timely motion. Production of the sought-after documents was to be made on August 25, 2008, at 3:00 P.M., the same day it filed the nine-page motion to quash, at 3:59 P.M. *See* Fed.R.Civ.P. 6(b)(1)(A).

In conclusion, the EQB complained that it did not have a reasonable time to comply with the subpoena, that the subpoena seeks privileged information, and that the subpoena subjects the EQB to undue burden. I find that the EQB has not shown that it has been given an unreasonable amount of time to comply with the subpoena, that the informa-

tion sought by the subpoena is not protected as privileged, and that complying with the subpoena would not operate an undue burden upon the EQB. Therefore, the EQB's motion to quash is DENIED.

The EQB is ordered to comply with the subpoena now.

SO ORDERED.